UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

JERICHO GROUP, LTD.,

                      Plaintiff,

        -against-

MIDTOWN DEVELOPMENT, L.P., EDWARD
IMPERATORE and MAURICE STONE,

                     Defendants.

-------------------------------------------------------------X

No. 07-CV-1792 (RCC) (DCF)

ECF CASE

# MEMORANDUM OF LAW
# IN SUPPORT OF MOTION TO REMAND ACTION
# TO THE SUPREME COURT, NEW YORK COUNTY

HERZFELD & RUBIN, P.C.
ATTORNEYS FOR PLAINTIFF
40 WALL STREET
NEW YORK, NEW YORK 10005

## TABLE OF CONTENTS

INTRODUCTION .................................................................................................... 1

Argument.................................................................................................................. 4

    I.    MIDTOWN'S BURDEN ................................................................................ 4

    II.   REQUIREMENTS FOR DIVERSITY JURISDICTION ................................... 5

    III.  ABSENT COMPETENT PROOF OF THE ACCURACY OF
          MIDTOWN'S REPRESENTATIONS AS TO ITS PARTNERS,
          REMAND IS REQUIRED............................................................................ 7

    IV.  THE COURT SHOULD ABSTAIN FROM EXERCISING
          JURISDICTION......................................................................................... 8

          A.  Jurisdiction Over Property ............................................................... 10

          B.  Inconvenience Of Forum................................................................... 10

          C.  Avoidance Of Piecemeal Litigation ................................................... 10

          D.  Order In Which Jurisdiction Was Obtained ...................................... 11

          E.  The Law Providing The Rule Of Decision........................................ 12

          F.  Protection Of Midtown's Rights In State Court ............................... 12

          G.  Balancing The Colorado River Factors............................................. 12

CONCLUSION .................................................................................. 13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JERICHO GROUP, LTD.,

                                                            No. 07-CV-1792 (RCC) (DCF)

                Plaintiff,

                                                            ECF CASE

    -against-

MIDTOWN DEVELOPMENT, L.P., EDWARD
IMPERATORE and MAURICE STONE,

                Defendants.
-------------------------------------------------------------X

**MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO REMAND ACTION
<u>TO THE SUPREME COURT, NEW YORK COUNTY</u>**

        This memorandum is submitted on behalf of plaintiff Jericho Group, Ltd.,

("Jericho"), in support of its motion to remand this action to the Supreme Court, New York

County.  The facts requiring that the motion be granted, based upon defendants' failure to

demonstrate this Court's diversity jurisdiction or, alternatively, upon the <u>Colorado River</u>

abstention doctrine, are set forth in the accompanying affidavit of Herbert Rubin, and the

Exhibits thereto.

**<u>INTRODUCTION</u>**

        As is set forth in the accompanying Rubin affidavit, this action for specific

performance of a contract for the sale of real estate on the west side of Manhattan, and for related

relief, was removed to this Court from Supreme Court, New York County on March 1, 2007.

The legal bases for the action are breach of contract and fraud.  The action was commenced as an

outgrowth of a separate lawsuit in Supreme Court, New York County brought by Jericho against

Midtown in 2004 (the "Original Action"), based on the same real estate transaction and facts that form the basis for the present case.

A motion by Midtown to dismiss the Original Action was denied by Justice Charles Ramos in May 2005, and Midtown appealed from that decision. While the appeal was pending, and having succeeded in obtaining a denial of Midtown's motion, Jericho conducted extensive discovery proceedings. In August, 2006, the Appellate Division, First Department reversed Justice Ramos' decision, and judgment dismissing Jericho's complaint was entered in September, 2006. Among other things, the Appellate Division stated,

> Had Midtown willfully or deliberately breached its obligations under paragraph 29(a) of the contract, Jericho's first two causes of action (for specific performances or alternatively, for damages for breach of contract) would not have been barred by its termination of the contract and recovery of its down payment.

Ex. D to the Rubin Affidavit, pages numbered 42-43.

In November 2006, Jericho moved to vacate the judgment against it on the ground that the discovery conducted by Jericho during the pendency of the appeal demonstrated that both Jericho and the State Courts had been defrauded by Midtown and its agents. The alleged fraud involved misrepresentations and concealments relating to the express grounds for the Appellate Division's reversal of Justice Ramos' decision, as well as other flagrant and fraudulent misconduct. It was this fraudulent conduct which led Jericho to refrain from going forward with the purchase of the property in question pursuant to its contract with Midtown. Jericho's motion to vacate its judgment included an application for leave to file an amended complaint. By order dated February 2, 2007 and filed on February 20, 2007, Justice Ramos granted the motion to vacate the judgment based on the evidence of misconduct presented by Jericho, stating: "This court will not be a party to defendant's fraud on the Court." Rubin Aff., Ex. E, p. 15.

Finding that he was barred by Appellate Division's decision from permitting Jericho to serve its proposed amended complaint, Justice Ramos instead stated that Jericho was free to serve a new complaint in a new action. Jericho did so, by commencing the present action on February 22, 2007. Midtown has appealed to the Appellate Division, First Department from the order vacating the judgment, and has served its brief and the record on appeal. The appeal is scheduled to be heard in the June term of the appellate court. Jericho has moved for clarification of a portion of Justice Ramos' February 2, 2007 decision. That motion has been submitted for consideration by Justice Ramos.

As noted above, defendants removed this action to this Court on March 1, 2007. Defendants invoked the Court's diversity jurisdiction as the basis for removal, asserting, inter alia, that the general partners of Midtown, a New York Limited Partnership, are individual citizens of New Jersey and Illinois, while Jericho is a citizen of New York. The present motion to remand is based in part, on evidence set forth in the Rubin affidavit and Exhibits thereto indicating Midtown's general partners, as recently as June 2006, were themselves limited partnerships with multiple partners, rather than the individuals named in the Notice of Removal. Other evidence indicates that Midtown's general partner may be a joint venture consisting of two partnerships whose partners include a corporation. This evidence raises the possibility that one or more of the individuals or entities whose citizenship must be considered in determining Midtown's citizenship may be citizen of New York, in which case diversity would not exist, and remand would be required.

Jericho also asserts that even if diversity does exists, the continued pendency of the original action in the state court, coupled with other applicable criteria specified below,

indicate that this Court should abstain from exercising its jurisdiction and remand the case to the

Supreme Court of New York.

## ARGUMENT

### I

### MIDTOWN'S BURDEN

As this Court stated in Wilds v. United Parcel Service, Inc., 262 F.Supp 2d 163,

171 (S.D.N.Y. 2003):

> "On a motion to remand, the party seeking to
> sustain the removal, not the party seeking remand, bears the
> burden of demonstrating that removal was proper."
> Hodges v. Demchuk (S.D.N.Y. 1994) 866 F.Supp 730, 732;
> see also United Food & Commercial Workers Union, Local
> 919, AFL-CIO v. Centermark Properties Meriden Square,
> Inc., (2d Cir. 1994) 30 F.3d 298, 301 ("Where, as here,
> jurisdiction is asserted by a defendant in a removal petition,
> it follows that the defendant has the burden of establishing
> that removal is proper."). Unless that burden is met, the
> case must be remanded back to state court. At this stage
> therefore, the party seeking remand is presumed to be
> entitled to it unless the removing party can demonstrate
> otherwise." Bellido-Sullivan v. American International
> Group, Inc. (S.D.N.Y. 2000) 123 F. Supp.2d 161, 163.

(emphasis added)  Accord, Stan Winston Creatures, Inc. v. Toys "R" Us, Inc., 314 F. Supp.2d

177, 179 (S.D.N.Y. 2003):

> When the removal of an action to federal court is
> contested, "the burden falls squarely upon the removing
> party to establish its right to a federal forum by competent
> proof." R.G. Barry Corp. v. Mushroom makers, Inc. 612 F.
> 2d 651, 655 (2d Cir. 1979) (quoting McNutt v. General
> Motors Acceptance Corp., 298 U.S. 178, 189, 80 L. Ed.
> 1135, 56 S. Ct. 780 (1936)).  Out of respect for the
> independent of state courts, and in order to control the
> federal docket, "federal courts construe the removal statute
> narrowly, resolving any doubts against removability."
> Somlyo v. J. Lu-Rob Enterprises, Inc., 932 F.2d 1043,
> 1045-46 (2d Cir. 1991) (citing Shamrock Oil & Gas Corp.

4

v. Sheets, 313 U.S. 100, 108, 85 L. Ed. 1214, 61 S. Ct. 868
(1941)).

(emphasis added)

## II

## REQUIREMENTS FOR DIVERSITY JURISDICTION

The well recognized foundation for diversity jurisdiction was articulated in C.T.

Carden v. Arkona Associates, 494 U.S. 185, 187 (1990) as follows:

> Article III of the Constitution provides, in pertinent
> part that "the judicial Power shall extend to …
> Controversies … between Citizens of different States."
> Congress first authorized the federal courts to exercise
> diversity jurisdiction in the Judiciary Act of 1789, ch. 20,
> § 11, 1 Stat. 78,  In its current form, the diversity statute
> provides that "the district courts shall have original
> jurisdiction of all civil actions where the matter in
> controversy exceeds … $ 50,000 …, and is between …
> citizens of different States … "28 U.S.C. § 1332 (a),  Since
> its enactment, we have interpreted the diversity statute to
> require "complete diversity" of citizenship.  See
> Strawbridge v. Curtiss, 3 Cranch 267 (1806).

The Supreme Court in Carden reaffirmed prior decisions holding that artificial

entities other than corporations, including partnerships such as Midtown, are not citizens of the

State which created the entity, but rather are citizens of each state of which their members are

citizens.  It also rejected the argument that a limited partnership is a citizen only of the states in

which its general partners are citizens, without regard to the citizenship of limited partners.  The

court stated its holding as follows:

> In sum, we reject the contention that to determine,
> for diversity purposes, the citizenship of an artificial entity,
> the court may consult the citizenship of less than all of the
> entity's members.  We adhere to our oft-repeated rule that
> diversity jurisdiction in a suit by or against the entity
> depends on the citizenship of "all the members," Chapman,
> 129 U.S., at 682, "the several persons composing such

5

association," <u>Great Southern</u>, 177 U.S., at 456, "each of its members," <u>Bouligny</u>, 382 U.S., at 146.

494 U.S. at 195-96.

As noted above, the evidence submitted with the accompanying Rubin affidavit suggests that the general partners of Midtown are not individual residents of New Jersey and Illinois, but either (a) partnerships with both general and limited partners, or (b) a joint venture consisting of two limited partnerships. In <u>900 3d Avenue Associates v. Finkielstain</u>, 758 F. Supp. 928, 930-31 (S.D.N.Y. 1991), this Court confronted the question of the citizenship of a partnership the partners of which included limited partnerships. Following the reasoning of <u>Carden</u>, the Court stated:

> Plaintiff Associates is a general partnership. The general partners in Associates are Carlyle Real Estate Limited Partnership XIV and Carlyle Real Estate Limited Partnership XV (the "Carlyle Partnerships"), each of which, in turn, is a limited partnership. The general partner of both of the Carlyle Partnerships is JMB Realty Corporation ("JMB"). The Carlyle Partnerships also have, between the two of them, approximately 91,000 limited partners.
>
> Because Associates is a partnership its citizenship must thus be determined by looking to the citizenship of all of its partners. <u>Carden</u>, supra, 110 S. Ct. 1015. Associates's partners are the Carlyle Partnerships. The issue then becomes one of the determining the citizenship of the Carlyle Partnerships. Under similar circumstances, the Fifth Circuit held that "since one of the partners [of plaintiff's partnership] is also a partnership, the trial court correctly inquired into the citizenship of the partners of [the secondary partnership in determining whether complete diversity exited]." <u>Village Fair Shopping Center Co. v. Sam Broadhead Trust</u>, 588 F.2d 431 n. 1 (5th Cir. 1979). The Third Circuit has engaged in a similar analysis, requesting, sua ponte, additional information regarding the citizenship of a defendant partnership's partners that were, in turn, partnerships themselves. <u>Knop v. McMahan</u>, 872 F.2d 1132, 1137-38 (3rd Cir. 1989). See also, <u>General Masonry Construcion Co. v. Village One Associates</u>

6

Limited Partnership,1989 US. Dist. LEXIS 8206 (E.D. Pa. July 17, 1989) and <u>S.W. Kooperman, Inc. v. Village One Associates Limited Partnership</u>, 1989 U.S. Dist. LEXIS 6969 (E.D. Pa. June 22, 1989) (both cases dismissing the complaint therein for lack of complete diversity, where plaintiff's corporation shared citizenship with a limited partner of a partnership that was a general partner of defendant partnership).

Defendants are citizens of New York, New Jersey, Florida, and several foreign countries. Accordingly, Associates must demonstrate that none of the 91,000 limited partners of the Carlyle Partnerships is a citizen of any of those states or of a foreign country. See <u>McNutt v. General Motors Acceptance Corp.</u>, 298 U.S. 178, 189, 80 L. Ed. 1135, 56 S. Ct. 780 (1936) (party seeking exercise of jurisdiction bears burden of showing such jurisdiction exists); <u>Horvitz v. Oconefsky</u>, 683 F. Supp. 959, 963 (S. D.N.Y.), aff'd without op., 868 F.2d 1267 (2nd Cir. 1988).

In <u>Minard v. Pareto Partners</u>, 2005 U.S. Dist. Lexis 19793 (S.D.N.Y., September 8, 2005), at * 4-5, this Court, without citing <u>900 3d Avenue Associates</u>, reached an identical result. Courts in other jurisdictions have done so as well. See, <u>Marco Island Limited Partnership v. Wallace Associates Consulting Group, Inc.</u>, 1992 U.S. Dist.Lexis 295 (N.D.Ill. March 12, 1992), at *9 (relying in part on <u>900 3d Avenue Associates</u>); <u>Richardson v. Edward D. Jones & Co.</u>, 744 F.Supp. 1023, 1024-25 (D. Colo. 1990).

### III

### ABSENT COMPETENT PROOF OF THE ACCURACY OF MIDTOWN'S REPRESENTATIONS <u>AS TO ITS PARTNERS, REMAND IS REQUIRED</u>

Based on the foregoing authorities, it is incumbent upon Midtown here to provide competent proof that Arthur Imperatore and Edward Ross were its sole general partners at the relevant time, as well as competent proof that Consolidated Rail Corporation is it sole limited partner, and is a Pennsylvania corporation with its principal place of business in Philadelphia, as

asserted in the Notice of Removal. We submit that if Messrs. Arthur Imperatore and Ross are

not Midtown's sole general partners and if Consolidated Rail Corporation is not its sole limited

partner, its failure to identify other partners in its Notice of Removal, and to state the citizenship

of same, should itself require remand. See Marco Island, supra, 1992 U.S. Dist Lexis 2957,

at *9, n. 2, where the court found a notice of removal containing insufficient jurisdictional facts

as to the citizenship of parties who were partnerships to be "deficient," but found no need to

determine whether this deficiency required remand because the facts showed that there was not

complete diversity. At a minimum, if any of Midtown's partners is a partnership or joint

venture, remand is required unless Midtown demonstrates that no general or limited partner or

co-venturer of any constituent entity is a citizen of New York.

## IV

## THE COURT SHOULD ABSTAIN
## FROM EXERCISING JURISDICTION

Assuming, *arguendo*, that the Court has diversity jurisdiction over this action, the

Court has "the discretion to abstain from exercising such jurisdiction over an action where a

concurrent state proceeding is pending …." Wiggin & Co. v. Ampton Investments, Inc., 66

F. Supp.2d 549, 551 (S.D.N.Y. 1999), citing Colorado River Water Conservation District v.

United States, 424 U.S. 800, 817 (1976). Such abstention, referred to by the courts as Colorado

River abstention, rests on "'considerations of wise judicial administration, giving regard to

conservation of judicial resources and comprehensive disposition of litigation.'" Mouchantaf v.

International Modeling and Talent Assoc., 368 F.Supp.2d 303, 305 (S.D.N.Y. 2005), quoting

Colorado River, 424 US at 817. "'[I]f a district court has the power to dismiss an action on the

grounds of abstention it has the same power to remand to the state court on those grounds.'"

8

Bull & Bear Group, Inc. v. Fuller, 786 F.Supp. 388, 393 (S.D.N.Y. 1992), quoting from

Corcoran v. Ardra Insurance Co., 842 F.2d 31, 36 (2d Cir. 1988).  (emphasis added)

   The determinative test as to whether Colorado River abstention is appropriate

requires consideration of six factors:  "(1) assumption of jurisdiction over a *res*;

(2) inconvenience of the forum; (3) avoidance of piecemeal litigation; (4) order in which the

actions were filed; (5) the law that provides the rule of the decision; and (6) protection of the

federal plaintiff's rights [i.e., the rights of the party choosing the Federal forum]."  Fuller, supra,

786 F.Supp.2d at 392, citing De Cisneros v. Younger, 871 F.2d 305, 307 (2d Cir. 1989).  "No

single factor is necessarily decisive, and the weight to be given to any one factor may vary

greatly from case to case."  Village of Westfield, N.Y. v. Welch's, 170 F.3d 116, 121 (2d Cir.

1999).  (Citations and internal quotation marks omitted).

   Here, five of the six factors weigh in favor of abstention.  These are enumerated

below.  Accordingly, this case must be deemed in the group of cases that warrant federal

abstention in favor of state court jurisdiction.  *See*, Goldentree Asset Management, L.P. v. The

Longaberger Co., 448 F.Supp. 2d 589 (S.D.N.Y. 2006) (granting abstention where four out of the

six weighed in favor); Mouchantaf v. International Modeling and Talent Assoc., 368 F.Supp. 2d

303 (S.D.N.Y. 2005) (granting abstention where five out of the six weighed in favor); York

Hunter Construction, Inc. v. Avalon Properties, Inc., 104 F.Supp. 2d 211 (S.D.N.Y. 2000)

(granting abstention where five out of six weighed in favor); Wiggin & Co. v. Ampton

Investments, Inc., 66 F.Supp. 2d 549 (S.D.N.Y. 1999) (granting abstention where five out of six

favor); (Bull & Bear Group, Inc. v. Fuller, 786 F.Supp. 388 (S.D.N.Y. 1992) (granting abstention

where four out of six favor).

### A.    Jurisdiction Over Property

This matter involves a claim for specific performance of Midtown's contractual obligation to sell a specific piece of property to Jericho. Jericho filed a *lis pendens* at the commencement of the Original Action in 2004. Thus the New York State Supreme Court assumed jurisdiction over the subject property from the outset of the initial litigation. When the action was dismissed the *lis pendens* was vacated. However, Jericho filed a new *lis pendens* in state court together with the 2007 complaint. Consequently, the state court has had and still has jurisdiction over this property since the commencement of the Original Action in 2004.

Therefore, "under the rule of United States v. Bank of New York & Trust Co., 296 U.S. 463, 477 (1936) and Penn General Casualty Co. v. Pennsylvania, 294 U.S. 189, 195 (1935), it would be improper for this Court to assume jurisdiction over the same *res* by entertaining [Jericho's claim to it]." Avalon Properties, Inc., 204 F.Supp. 2d at 214. As a result, this factor counsels strongly in favor of abstention. Id., at 216.

### B.    Inconvenience Of Forum

The New York State Supreme Court, New York County, and the United States District Court for the Southern District of New York are equally convenient fora. Id. This factor weighs slightly against abstention. The Longaberger Co., 448 F.Supp. 2d at 593.

### C.    Avoidance Of Piecemeal Litigation

The risk of piecemeal litigation factor "weighs in favor of abstention if there is the potential for 'inconsistent and mutually contradictory determinations.'" Nieves v. Board of Education, City of New York, 2006 U.S. Dist. Lexis 81238 (E.D.N.Y. September 15, 2006), quoting De Cisneros, supra, 871 F.2d at 307. As is explained in the accompanying affidavit of Herbert Rubin, that potential presently exists here because the conduct which Justice Ramos

found to constitute fraud warranting vacatur of the judgment against Jericho is the same conduct alleged by Jericho to have misled it into deciding not to purchase real estate which is the subject of this litigation. Thus, there is the potential for an inconsistency between a decision of the Appellate Division affirming the fraud findings and a contrary determination in this action. Such inconsistent ruling might "'breed additional litigation on assertions of claims and issue preclusion' that would certainly be wasteful." Mouchantaf, 368 F.Supp. at 307, quoting Arkwright-Boston Mfrs. Mut. Ins. Co. v. City of New York, 762 F.2d 205, 211 (2d Cir. 1985).

Moreover, since the individual defendants here are not parties to the state court action, there is a risk of inconsistent outcomes not preventable by *res judicata* or collateral estoppel See General Star International Indemnity, Ltd. v. The Chase Manhattan Bank, 2003 U.S. App. Lexis 2318 (2d Cir. February 7, 2003), at **5.

The existence of duplicative litigation also weighs in favor of abstention under the "piecemeal litigation" factor. Radioactive, J.V. v. Manson, 153 F.Supp.2d 462, 474 (S.D.N.Y. 2001). If the Appellate Division affirms the vacatur of the judgment, logic dictates that it will also vacate its dismissal of the complaint in the Original Action. In such event, "[m]aintaining virtually identical suits in two forums under these circumstances would waste judicial recourses and invite duplicative effort." Ampton Investments, Inc., 66 F.Supp. 2d at 552, quoting Arkwright-Boston, supra, 762 F.2d at 211.

## D.    Order In Which Jurisdiction Was Obtained

In assessing the order in which jurisdiction was obtained, priority should not be determined solely by which complaint was filed first, but rather by how much progress has been made in the two actions. The Longaberger Co., 448 F.Supp. 2d at 594, citing Moses H. Cone, 460 U.S. at 21 and Arkwright-Boston, 762 F.2d at 211. As stated previously, the Original Action

was first commenced in September of 2004. It has been undergoing continuous litigation and judicial consideration for the past two-and-a-half years. The present action was commenced on February 22, 2007 and no proceedings have taken place herein other than removal and service and filing of defendants' answer to the complaint. Clearly, the fourth factor weighs in favor of abstention and remand. Fuller, 786 F.Supp. at 393; The Longaberger Co., 448 F.Supp. 2d at 594.

**E.    The Law Providing The Rule Of Decision**

As a diversity action, this case only raises issues of state law. Mouchantaf, 594 F.Supp. 2d at 307. Although the state law issues presented here are neither novel nor particularly complex, the absence of federal law nonetheless weighs in favor of abstention. Id., at 308; The Longaberger Co., 448 F. Supp. at 595; Ampton Investments, Inc., 66 F.Supp. 2d at 554.

**F.    Protection Of Midtown's Rights In State Court**

The New York State Court will adequately protect Midtown's rights. *See* Mouchantaf, 368 F.Supp. 2d at 308. Midtown is a New York partnership which owns real estate in New York. If Midtown "is secure enough to do business in [New York], then it should be secure enough to litigate about that business in [New York]." Avalon Properties, Inc., 104 F.Supp. 2d at 217. Furthermore, all of Midtown's defenses are available to it in state court and therefore this factor weighs in favor of abstention. Ampton Investments, Inc., 66 F.Supp. 2d at 554; Mouchantaf, 368 F.Supp. 2d at 308; The Longaberger Co., 448 F.Supp. 2d at 595.

**G.    Balancing The Colorado River Factors**

Here, factors one, three, four, five and six weigh in favor of abstention. Only factor two, convenience, which does not favor either party, serves as a slight counterweight. Thus the balancing of factors weighs heavily in favor of abstention and remand. *See,* The

12

Longaberger Co., 448 F.Supp. 2d at 595; Mouchantaf, 368 F.Supp. 2d at 308; Avalon Properties, Inc., 104 F.Supp. 2d at 217; Ampton Investments, Inc., 66 F.Supp. 2d at 554; Fuller, 786 F.Supp. at 394.

In consideration of these circumstances, this court should remand this case back to Justice Ramos in New York State Supreme Court where it belongs. *See*, Fuller, 786 F.Supp. 2d at 393.

### Conclusion

Remand is required based on defendants' apparent failure to identify all of Midtown's partners and the partners or members of any constituent entity, and to specify the citizenship of each such person, especially if any such person is a citizen of New York. Alternatively, this court should apply the Colorado River abstention doctrine and remand this case to the Supreme Court, New York County.

Dated: New York, New York
        March 30, 2007

Respectfully submitted,

HERZFELD & RUBIN, P.C.

By:  /s/ Herbert Rubin
     Herbert Rubin (HR 8484)
     Attorneys for Plaintiff
     40 Wall Street
     New York, New York 10005
     (212) 471-8500

13

## **CERTIFICATE OF SERVICE**

I certify that on March 30, 2007, I caused the foregoing Memorandum of

Law in Suppor of Motion to Remand to be served by hand delivery to the office of

counsel for defendants, addressed to:

> Todd R. Geremia, Esq.
> Jones Day
> 222 East 41st Street
> New York, New York 10017
>
> Attorneys for Defendants

Dated:  New York, New York
        March 30, 2007

/s/ Charles A. Crum
 Charles A. Crum (CC9919)