# JONES DAY

222 EAST 41ST STREET • NEW YORK, NEW YORK 10017-6702
TELEPHONE: 212-326-3939 • FACSIMILE: 212-755-7306

**MEMO ENDORSED**

Direct Number: (212) 326-3429
trgeremia@jonesday.com

JP003870
360353-600001

April 3, 2007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-3-07
```

**BY FACSIMILE**

The Honorable Kimba M. Wood
United States District Court
  for the Southern District of New York
120 Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re: *Jericho Group, Ltd. v. Midtown Development, L.P.*, No. 07-CV-1792 (RCC) (DCF)

Dear Chief Judge Wood:

We are co-counsel, with Phillips Nizer LLP, to defendants in the above-captioned action, which had been assigned to Judge Casey. By letter dated April 2, Jericho has submitted a non-emergency motion for a remand to Your Honor, apparently in Your Honor's capacity as the Part I Judge. We write to inform the Court of Jericho's misuse of the Part I process and its failure to follow the Court's instructions in connection with the late Judge Casey's cases.

Upon Judge Casey's sudden death, the Court informed parties to wait for reassignment to another judge and that, in the meantime, any case-related inquiry should be "by letter to Judge Casey's chambers." Parties were told, "If you experience a legal emergency, you may contact the Part I Judge" and that, in the event of such an emergency, parties "should also notify Judge Casey's chambers by letter, to the attention of Judge Casey's law clerks." *See* Notice to Parties with Pending Cases Before Judge Casey, Mar. 28, 2007 (copy attached). (The Court sent a similar notice by e-mail on March 23.)

Jericho did not follow these instructions. On March 30, Jericho submitted this same non-emergency motion for a remand to Judge Baer, "as the sitting Part I Judge." (Copy attached.) Before Jericho made that motion, it had also apparently been making *ex parte* telephone calls to Your Honor's and Judge Casey's law clerks to seek assignment of a judge to its motion. *See id.* While Jericho's motion to remand this recently filed case to state court was due to be *filed* by April 2, *see* 28 U.S.C. § 1447(c), that does not mean Jericho had an urgent need to have a judge assigned to the motion, as its letter to Judge Baer suggested and as Jericho may have misrepresented in its *ex parte* telephone calls with Your Honor's and Judge Casey's chambers.

Judge Baer's chambers promptly informed Jericho that his assignment as a Part I Judge concluded as of March 30 (as Jericho could have confirmed for itself by checking the Court's website instead of calling chambers). Jericho has persisted in attempting to get its motion

JONES DAY

The Honorable Harold Baer, Jr.
April 3, 2007
Page 2

assigned to a Part I Judge, however. Jericho's April 2 letter to Your Honor states that Jericho has a purported need "to determine which Judge we should name in our motion papers as the Judge who would hear the motion." There is of course no such requirement. *See* Fed. R. Civ. P. 7(b). More importantly, that is *not* how the Court instructed parties to proceed. Parties were told to await reassignment, not to contact chambers by telephone, and to write a letter to Judge Casey's chambers if there was an emergency matter that required the attention of a Part I Judge. Jericho ignored *every one* of these instructions. In accordance with the Court's guidelines, Jericho could have, and should have, simply filed its motion and awaited reassignment.

Jericho's motion for a remand is also not, by any stretch, an "emergency matter" that requires a prompt hearing in Part I. *See* Rules for the Division of Business Among District Judge, Rule 5(b). Indeed, the motion will not be fully submitted until *after* the conclusion of Your Honor's assignment as the Part I Judge. Nor is there any urgency to deciding Jericho's motion. As Jericho expressly acknowledges in its motion papers, its complaint in this case re-asserts claims under New York state law and seeks "essentially the *same relief* . . ., based on the *same transaction*" that was at issue in an earlier action that Jericho brought in New York State Supreme Court in September 2004. *See* Docket No. 6, Affidavit of Herbert Rubin ¶ 6 (emphasis added). That earlier action has been *dismissed* by the Appellate Division, First Department, in an August 17, 2006 decision that unanimously reversed an order by Justice Ramos denying Midtown's motion to dismiss. *See id.* Ex. D. Justice Ramos's most recent order vacating the judgment in that now-dismissed action—and inviting Jericho to file a new action (which is this case) as an improper way of avoiding the preclusive effect of the Appellate Division's order—was promptly appealed by Midtown. That appeal has been perfected for the First Department's June Term and will not be argued until, at the earliest, May 15. The First Department's decision will control whether Jericho's new action may properly proceed. If the First Department re-affirms its earlier decision and re-orders a judgment of dismissal, this case seeking the "same relief" based on "the same transaction" will necessarily have to end. In these circumstances, there is no sound reason to proceed with Jericho's follow-on action until *after* the Appellate Division rules, and thus no urgency whatsoever to Jericho's motion for a remand.

Defendants wish to make clear that we have no objection to Your Honor ruling on Jericho's motion to remand, which we will show in our opposition is without merit and should be denied. But we respectfully submit that this non-emergency motion was not properly brought in Part I and that, in the interest of judicial economy and in accordance with the Court's guidelines, Jericho's remand motion should be decided by the Judge to whom this case is reassigned. ] So ordered
KMW

Respectfully submitted,

Todd R. Geremia

4-3-07
SO ORDERED, N.Y., N.Y.
Kimba M. Wood
KIMBA M. WOOD
U.S.D.J.

Part I

cc:   Herbert Rubin, Esq. (by fax and e-mail)