UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JERICHO GROUP, LTD.,

                    Plaintiff,

   -against-

MIDTOWN DEVELOPMENT, L.P., EDWARD
IMPERATORE and MAURICE STONE,

                    Defendants.
-----------------------------------------------------------X

No. 07-CV-1792 (RCC) (DCF)

ECF CASE

**Joint Summary Of
Case Pursuant to
May 16, 2007 Order
<u>Of Chief Judge Wood</u>**

A.    <u>Claims and Defenses</u>

       This is an action for specific performance of a contract for the sale of real estate on the west side of Manhattan and for related relief. The action was removed to this Court by defendants from the Supreme Court, New York County on March 1, 2007, based on assertions that the Court has diversity jurisdiction. Plaintiff Jericho Group Ltd. ("Jericho") asserts in its complaint that in 2002 it was dissuaded from proceeding to purchase the land pursuant to a contract between Jericho and defendant Midtown Development, L.P. ("Midtown") by the willful and fraudulent conduct of Midtown and the individual defendants, who were attorneys acting for Midtown in connection with the purchase transaction. Jericho asserts that Midtown failed, during a contractually specified "Study Period," to provide Jericho with documents which Midtown was obliged to provide, and that defendants falsely responded to Jericho's inquiries about certain facts regarding the property.

Defendants, in their answer, deny Jericho's allegations of wrongdoing. Defendants also assert affirmative defenses based on the preclusive effect of the order of dismissal in a prior related action in State court (described below), mutual cancellation of the contract in September 2002, contractual disclaimers of reliance, waiver, estoppel, election of remedies, and various other legal doctrines.

B.  Prior History

A previous action for specific performance (the "Original Action") of the same contract concerning the same properties was commenced by Jericho against Midtown in the Supreme Court, New York County, in November, 2004 and Jericho thereafter filed a notice of pendency against Midtown's properties. The Original Action was assigned to Justice Charles Ramos. A motion by Midtown to dismiss the Original Action was denied by Justice Ramos in May, 2005. Midtown appealed from Justice Ramos's order. Thereafter, the parties engaged in discovery while Midtown's appeal from the denial of its dismissal motion was pending.

On August 17, 2006, the Appellate Division, First Department, reversed Justice Ramos' decision and directed the entry of a judgment of dismissal of the Original Action. The first Department's order of dismissal of the Original Action is published as Jericho Group, Ltd v. Midtown Development, L.P. 32 A.D.3d 294, 820 N.Y.S.2d 241 (1st Dep't 2006). The County Clerk entered the judgment of dismissal in September 2006 and cancelled the notice of pendency.

In November, 2006, Jericho moved before Justice Ramos to vacate the judgment against it on the grounds of "newly discovered evidence" and assertions that the judgment had been procured by fraud. Jericho also moved for leave to serve an

2

amended complaint. By decision and order entered on February 20, 2007, Justice Ramos granted Jericho's motion to vacate the judgment. Justice Ramos ruled that the Appellate Division's order of dismissal precluded him from permitting Jericho to serve an amended complaint, but stated that Jericho was free to serve a new complaint in a new action. On February 22, 2007, Jericho did so by commencing the present action. Shortly thereafter, Jericho filed another notice of pendency against Midtown's properties.

Midtown served a Notice of Appeal from Justice Ramos' February 20, 2007 order on February 22, 2007. Midtown thereafter perfected its appeal for the Appellate Division's June Term by serving and filing its brief and the Record on Appeal on March 19, 2007. Midtown's appeal is now scheduled to be heard during the September 2007 Term.

C.    The Pending Motion To Remand

On March 30, 2007, Jericho moved to remand this action to the Supreme Court, New York County, asserting that the facts set forth in the Notice of Removal as to the citizenship of Midtown, a limited partnership, were inaccurate. In its opposition, Midtown disputed Jericho's assertions. All papers on Jericho's motion for a remand have been filed, and courtesy copies of all papers were delivered to Judge Casey's chambers.

D.    Discovery

The parties have not entered into a case management plan. The case has not been before a magistrate judge. The parties engaged in discovery in the

Original Action filed in New York County Supreme Court, but have not engaged in any discovery since Jericho filed this action.

Dated:   New York, New York
         May 30, 2007

| HERZFELD & RUBIN, P.C. | Phillips Nizer LLP |
|---|---|
| By: /s/ Charles A. Crum<br>    Charles A. Crum (CC9919)<br>Attorneys for Plaintiff<br>40 Wall Street<br>New York, New York 10005<br>(212) 471-8500 | By: /s/ George Berger<br>    George Berger (GB8924)<br>666 Fifth Avenue<br>New York, New York 10103<br>(212) 977-9700<br><br>Jones Day<br>222 East 41st Street<br>New York, New York 10017<br>(212) 326-3939<br><br>Attorneys for Defendants. |

4