USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 6/27/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————x

STANDING ORDER FOR CASES TRANSFERRED
TO THE DOCKET OF THE HON. COLLEEN
McMAHON FROM THE DOCKET OF THE HON.
RICHARD CONWAY CASEY

————————————————————————x

**McMahon, J.**:

The following procedures will apply to all cases transferred from Judge Casey's docket to Judge McMahon[1]:

I. *PROCEDURES FOR CASES IN WHICH THERE ARE NO PRO SE PARTIES*:

1. **Individual Rules**: First and most important, please download a copy of Judge McMahon's Individual Rules, which can be found on the court's web site (www.nysd.uscourts.gov), under Judges' Rules (click on Judge McMahon's name). Read them carefully. Judge McMahon's Rules differ somewhat from the rules of other judges. She expects counsel to be familiar with her rules and to follow them.

2. **Compilation of Chambers Files**: Judge McMahon will receive from Judge Casey's chambers a copy of the letter submitted by counsel pursuant to the Order of Chief Judge Wood dated May 16, 2007. She will also receive courtesy copies of motion papers. In order to assemble an up-to-date chambers file, she needs to receive the following from counsel:

(A) If Judge Casey entered a scheduling order or a case management order, please mail or fax to chambers a courtesy copy of the most recent such order.

(B) If your case has been referred to a magistrate judge for any purpose, please send a copy of the order of reference to chambers.

(C) If a Joint Pre-Trial Order has been filed, please send a courtesy copy to chambers.

---

[1] The Court originally signed this standing order on May 25, 2007, and directed that it be sent to all cases transferred to Judge McMahon from Judge Casey. However, the docketing department failed to send the notice out to all cases. To remedy that omission, the Court has signed a new standing order and has directed the Clerk of the Court to see that it is sent to the parties who did not receive the original order. The only difference between the instant order and the earlier one is that the new order contains different dates for the parties to submit various papers.

3. **Discovery Deadlines Where Prior Scheduling Order in Place**: If you have a scheduling order in place containing a discovery deadline that has not yet passed, please adhere to that deadline. Judge McMahon does NOT routinely grant adjournments or extend the time to complete discovery. She expects cases to be ready for trial within six months of the filing of the complaint (or, in the case of transferred cases, within six months from the date of transfer). If your discovery deadline has passed, she is not going to give you additional time to complete discovery– even if you have not conducted any discovery to date.

If you have a discovery schedule, the date by which you must submit your Joint Pre-Trial Order and other pre-trial papers required by Jude McMahon's Individual Rules is forty-five days after the discovery deadline. *This rule supercedes any prior order of Judge Casey on this subject.* If your discovery deadline passed more than 45 days ago, you have 45 days from the date of this order to submit a Final Pre-trial Order and you are subject to be called for trial on 48 hours notice, beginning August 15, 2007.

Judge McMahon does not delegate to the magistrate judges authority to alter the discovery schedule that she sets. She will not honor any prior delegation of such authority made by Judge Casey. If you want the magistrate to have the authority to extend the discovery deadline from whatever it is today (whether that deadline was set by the Magistrate Judge or by Judge Casey), Judge McMahon will be happy to sign an order referring your case to the Magistrate Judge *for all purposes*, including trial. Unless you go to the Magistrate Judge for all purposes, Judge McMahon will retain control over your discovery deadline.

4. **Case Management Orders In Cases Where None Has Been Entered**: If you do NOT have a case management or scheduling order in place, you can put one in place in one of two ways: by consent of counsel or after a Rule 16 conference with Judge McMahon. Download Judge McMahon's form of scheduling order, which can be found on-line at www.nysd.uscourt.gov. If counsel can agree on a set of dates that gets the case ready for trial in six months from the date the case was transferred, fill out the order, sign it and submit it the chambers via fax (212-805-6326) for the judge's signature. Consent scheduling orders in transferred cases must be received in Chambers by July 13, 2007. If the time frame comports with the judge's rules, she will sign the order and send you an order of reference to the magistrate judge for discovery supervision and non-dispositive motions.

If counsel cannot agree on a scheduling order by July 13, 2007, you will be notified of the time and date for a Rule 16 conference, at which an order conforming to Judge McMahon's rules will be entered. Judge McMahon does NOT adjourn Rule 16 conferences except in extraordinary circumstances.

5. **Joint Pre-Trial Orders Not Yet Filed**: If the discovery deadline imposed by Judge Casey's or the Magistrate Judge's most recent case management order has passed but you have not filed a Joint Pre-Trial Order, you have forty-five days from the date of this order to file a Joint Pre-Trial Order, along with all other pre-trial papers required by Judge McMahon's Individual Rules. Papers to be filed along with the Joint Pre-Trial Order include proposed jury instructions (jury trials) or findings of fact and conclusions of law (bench trials), as well as trial

briefs, if necessary. Do not file motions in limine. Motions in limine will be denied without prejudice if they are filed along with the Joint Pre-Trial Order. They should be filed when the case is noticed for a Final Pre-Trial Conference.

YOU MUST FILE THE JOINT PRE-TRIAL ORDER AND RELATED DOCUMENTS, EVEN IF YOU HAVE A MOTION FOR SUMMARY JUDGMENT PENDING OR YOU PLAN TO FILE SUCH A MOTION. Judge McMahon does not waive the filing of trial-ready papers just because dispositive motions have been made or are contemplated. Judge McMahon will NOT grant any extension of the forty-five day deadline for filing trial-ready papers in cases in which discovery is, or should have been, completed. *This order supercedes any other order previously entered by Judge Casey concerning the filing of a Joint Pre-Trial Order or other pre-trial papers.*

6. **Electronic Discovery**: Judge McMahon's rules governing electronic discovery (which can be found at www.nysd.uscourts.gov) apply *automatically* to any case assigned to her docket unless and until the parties agree on a different electronic discovery order. If Judge Casey or a Magistrate Judge previously entered an electronic discovery order, that order will control in your case; otherwise, you are subject to Judge McMahon's rules unless you present something different for her signature.

7. **Special Rules for Section 1983 Cases**: Counsel representing individual defendants in Section 1983 cases who are asserting the defense of qualified immunity should read Judge McMahon's Individual Rule concerning qualified immunity motions, and should take or complete the plaintiff's deposition and make the motion required by Judge McMahon's rules within sixty days of the date of this order, regardless of the state of discovery. Judge McMahon will not extend this deadline for any reason. Please read the rule carefully: *Judge McMahon will not consider anything on a qualified immunity motion except the testimony of the plaintiff, which testimony must be taken prior to filing papers in support of the motion.* Any defendant who does not make a motion as required by Judge McMahon's rules waives his right to have the issue of qualified immunity decided on motion prior to trial.

8. **Special Rules for Patent Cases**: Judge McMahon has procedures for handling patent cases that differ from her procedure in other cases. If your case is a patent case, you will be called in for a status conference. If you are presently engaged in discovery pursuant to a Scheduling Order entered by Judge Casey, please continue with discovery until your conference can be held.

9. **Special Rules for IDEA and ERISA Denial of Benefits Cases**: Instead of entering to a scheduling order that provides for discovery, either counsel should agree on a schedule for making cross-motions for summary judgment on the administrative record and submit that schedule to the Court, or the court will impose such a briefing schedule at a status conference.

10. **Special Rules for Cases Subject to the Private Securities Litigation Reform Act**: Judge McMahon will conference your case and set a schedule in keeping with the statute.

II. FOR CASES IN WHICH THERE IS A *PRO SE* PARTY:

In general, Judge McMahon's normal rules apply. *Pro se* parties, like all other parties, are required to become familiar with Judge McMahon's Individual Rules and to follow them. This section sets out any variations from her usual rules for cases in which any party is *pro* se.

**1. Scheduling Order**. If there is a scheduling order in place, please adhere to that scheduling order. The Magistrate Judge has authority in cases in which any party is *pro se* to extend the scheduling order for good cause shown.

If there is no scheduling order in place, Judge McMahon will conference your case, set a scheduling order and issue an order of reference to the Magistrate Judge for discovery supervision.

**2. Final Pre-Trial Orders**: In cases involving *pro se* parties, the *pro se* party and parties represented by counsel file separate Pre-Trial Orders and related papers. All such papers are due forty-five days after the expiration of the discovery deadline.

**3. Prisoner Cases**: In cases involving incarcerated *pro se* parties, counsel for any represented party or parties shall arrange for a copy of all scheduling orders, orders of reference, pending motion papers and other papers needed to assemble an up-to-date chambers file to be forwarded to chambers.

Dated: June 27, 2007

_____
U.S.D.J.