Robert L. Rimberg (RLR2453)
Joel S. Schneck (JSS7019)
GOLDBERG RIMBERG & FRIEDLANDER, PLLC
Attorneys for Plaintiff
115 Broadway, 3rd Floor
New York, New York 10006
(212) 697-3250

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

JERICHO GROUP, LTD.

        Plaintiff,                  No. 07-CV-1792 (RCC) (DCF)

  -AGAINST-

MIDTOWN DEVELOPMENT, L.P., EDWARD
IMPERATORE and MAURICE STONE.

        Defendants.

----------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S MOTION**


**PRELIMINARY STATEMENT**


      This instant motion is before this Court pursuant to Title 28 U.S.C. §1447(c), 28 U.S.C. § 1927 and New York State Judiciary law §487[1] is due to the improper conduct and fraudulent filing of a Notice of Removal by Defendants. As explained in detail in the affirmation of Chana Pfeifer, the filing was made in bad faith and was a fraud on the Court. Defendants and their attorneys misrepresented, omitted and misled this Court as to the extent of Midtown Development, L.P.'s ("Midtown") partners, and their domicile. Defense counsel cannot feign

---

[1] Pursuant 28 U.S.C.A §1367 this Court has jurisdiction to award defendants damages under New York State Judiciary law §487

ignorance as they attended depositions wherein the extent of Midtown's partners was the subject of testimony.

Defendants' conduct demands that this Court punish award not only costs, fees and damages but treble damages as provided for under the New York Judiciary Law[2].

28 U.S.C. §1447(c) allows this Court to award attorneys fees when a Notice of Removal is filed in bad faith or even negligently.

The Second Circuit wrote:

> "The goal of this provision is to deter improper removal …. While the simplicity of [removal] procedure facilitates removal, it also exposes a plaintiff to the possibility of abuse, unnecessary expense and harassment if a defendant removes improperly, thereby requiring plaintiff to appear in federal court, prepare motion papers and litigate, merely to get the action returned to the Court where the plaintiff intended it.

Circle Indus, Inc. v. Parke Constr. Group, Inc. 183 F. 3rd 105, 109 (2nd Cir 1999). The U.S. Supreme Court issued guidance in Martin v. Franklin Corp., 546 U.S. 132, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005). This action screams out for this Court to award attorneys fees. Defendants essentially lied to this Court as to Midtown's general partners, the number of general partners and omitted that at

---

[2] Creek Ventures, LLC v. World Parts LLC, 2004 WL 1166642 (W.D.N.Y. 2004) we find a detailed discussion on how to deal with a party that files an improper Motion to Remove.
   1. The Court in Creek starts off by affirmatively stating that jurisdiction remains with a Federal Court to deal with collateral issues such as sanctions even though a case in no longer pending before a court.

least of the partners was in fact a New York Domiciliary. Defendants have obligation to put forth all the facts, good or bad, so this Court could make a fair ruling. This Court should not have to chastise defense counsel or have to police counsel's ethics. *See also,* Cohen v. Reed, 868 F. Supp. 489 (E.D.N.Y. 1994) (the court wrote that if a notice of removal was filed in *bad faith* or *negligently* then costs and any actual expenses, including attorneys fees, incurred as a result of the removal are warranted). Creek Ventures, LLC v. World Parts LLC, 2004 WL 1166642 (W.D.N.Y. 2004)("Here it is apparent that, as removal in both cases was improper, defendant should be responsible for the actual costs and attorney fees incurred by bringing the plaintiff in bringing the motion for remand.")

The Court in Creek offers this Court another choice to award sanctions pursuant to 28 U.S.C. §1927 when dealing with a Notice of Removal and wrote:

> ""who so multiplies the proceedings in any case unreasonably and vexatiously" may be personally liable for the excess costs and expenses, including attorneys fees, reasonably incurred as a result of the conduct. Such sanctions may be imposed only when there is a finding of conduct constituting bad faith".

Defendants and their counsel knew that Midtown Development had a complex partnership structure; partners within partners; and even the names of the general partners. Defendants and their counsel's acts can only be attributed

to forum shopping to escape Justice Ramos where they had no success and had *too much knowledge* as to their shenanigans or to delay matters. In either event Defendants and their counsel intentionally dragged this action out and multiplied the proceedings.

The New York State Judiciary Law §487 was enacted to protect Plaintiffs from attorneys whose intent is to deceive and abuse the system:

> "1. Is guilty of deceit or collusion, or consents to any deceit of collusion, with intent to deeive the court <u>or any party; ... Is guilty of a misdemeanor, and in addition to the punishment prescribed there for by penal law, he forfeits to the party</u> treble damages, …."

The facts could not be clearer. Defendants their counsels have gone well beyond the *so called* grey area and have jumped way over the line. The behavior cannot be tolerated. Defendants should not have to pay or suffer damages stemming from fraudulent conduct. The instant motion MUST be granted in its entirety and Plaintiffs awarded not only its costs fees and damages, but treble damages as permitted under New York State law.

**WHEREFORE,** as a result of the forgoing, this Court must grant the instant motion pursuant to Title 28 U.S.C. §1447(c), 28 U.S.C. § 1927 and New York State Judiciary law §487 due to the improper conduct and fraudulent filing of a Notice of Removal by Defendants.

GOLDBERG & RIMBERG
Counselors at Law PLLC


By: _____
Robert L. Rimberg (RLR-24543)
Attorneys for Plaintiff
JERICHO GROUP, LTD.
115 Broadway, 3rd Floor
New York, New York 10006
(212) 697-3250