UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
  JERICHO GROUP, LTD.,            :

                             :

           Plaintiff,        :

                             :

       - against -       :    **No. 1:07-cv-1792 (CM) (DCF)**

                             :    **ECF CASE**

MIDTOWN DEVELOPMENT, L.P., EDWARD   :
  IMPERATORE and MAURICE STONE,    :

                             :

          Defendants.    :
-----------------------------------------------------------------X


## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO REOPEN THIS CASE AND FOR SANCTIONS

Fredrick E. Sherman (FS 5442)
Todd R. Geremia (TG 4454)
JONES DAY
222 East 41st Street
New York, New York  10017
Telephone:  (212) 326-3939

Alfred D. Lerner (AL 5927)
George Berger (GB 8924)
PHILLIPS NIZER LLP
666 Fifth Avenue
New York, New York  10103-0084
Telephone:  (212) 977-9700

Attorneys for Defendants,
Midtown Development, L.P., Edward
Imperatore, and Maurice Stone

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................ 1

ARGUMENT ..................................................................................................................... 3

I.   JERICHO'S REQUEST FOR SANCTIONS SHOULD BE DENIED ON
     A NUMBER OF THRESHOLD GROUNDS ....................................................... 3

     A.   An Application For Attorney's Fees Under Section 1447(c) Must
          Be Made Within Fourteen Days of a Final Order Remanding an
          Action .................................................................................................... 3

     B.   By Waiting More Than a Year to Make This Baseless Application,
          Jericho Is the Party That Is Unduly Delaying This Case and
          Multiplying Proceedings ....................................................................... 4

     C.   Jericho Has Not Shown It Has Incurred the Fees It Seeks to
          Recover .................................................................................................. 7

II.  THIS COURT LACKS JURISDICTION OVER JERICHO'S REQUEST
     FOR TREBLE "DAMAGES" AGAINST DEFENDANTS' COUNSEL ............. 8

III. JERICHO DOES NOT EVEN TRY TO SATISFY THE RIGOROUS
     STANDARDS FOR IMPOSING SANCTIONS ON DEFENDANTS
     AND THEIR COUNSEL .................................................................................... 10

     A.   There Was, At Least, An Objectively Reasonable Basis For
          Removing This Action, and Sanctions Therefore May Not Be
          Imposed Under Section 1447(c) ........................................................... 11

     B.   Defendants' Arguments In Opposing A Remand Were Not
          "Entirely Meritless," As They Must Be To Warrant Sanctions
          Under Section 1927 ............................................................................... 16

CONCLUSION ................................................................................................................ 19

# TABLE OF AUTHORITIES

**Page**

## CASES

*Bryant v. Britt*,
    420 F.3d 161 (2d Cir. 2005)...............................................................................................3

*Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*,
    498 U.S. 533 (1991)...........................................................................................................9

*CBS Inc. v. Snyder*,
    762 F. Supp. 71 (S.D.N.Y. 1991)....................................................................................14

*Carden v. Arkoma Assocs.*,
    494 U.S. 185 (1990).........................................................................................................12

*Cox v. Livingston*,
    407 F.2d 392 (2d Cir. 1969)............................................................................................14

*Creek Ventures, LLC v. World Parts, LLC*,
    Nos. 01-CV-89C, 01-CV-90C, 2004 WL 1166642 (W.D.N.Y. April 14, 2004)................9

*Danner v. Tower Acquisition, LLC*,
    No. 1:06-cv-2270, 2007 WL 1521201 (M.D. Pa. May 22, 2007) .....................................3

*Exxon Mobil Corp. v. Allapattha Servs., Inc.*,
    545 U.S. 546 (2005)...........................................................................................................9

*GreatAmerica Leasing Corp. v. Rohr-Tippe Motors, Inc.*,
    387 F. Supp. 2d 992 (N.D. Iowa 2005).............................................................................4

*Grow Group, Inc. v. Jandernoa*,
    No. 94 Civ. 5679, 1995 WL 60025 (S.D.N.Y. Feb. 10, 1995) ........................................14

*Houston v. Scheno*,
    No. 06-CV-2901, 2007 WL 2230093 (E.D.N.Y. July 31, 2007)......................................13

*Ind. Elec. Workers Pension Trust Fund v. Millard*,
    No. 07 Civ. 172, 2007 WL 2141697 (S.D.N.Y. July 25, 2007) .......................................13

*Johnson-Kamara v. W. Chacon Trucking*,
    No. 05 Civ. 9900, 2006 WL 336041 (S.D.N.Y. Feb. 9, 2006) .........................................13

*Lower Manhattan Dialysis Ctr., Inc. v. Lantz*,
    No. 07 Civ. 6903, 2007 WL 2789266 (S.D.N.Y. Sept. 25, 2007)....................................13

# TABLE OF AUTHORITIES
## (continued)

**Page**

*MacDraw, Inc. v. CIT Group Equip. Fin., Inc.*,
    73 F.3d 1253 (2d Cir. 1996).................................................................................16

*Martin v. Franklin Capital Corp.*,
    546 U.S. 132 (2005)................................................................................11, 13, 15, 16

*Mints v. Educ. Testing Serv.*,
    99 F.3d 1253 (3d Cir. 1996)...................................................................................3

*Morgan Guar. Trust Co. v. Republic of Panama*,
    971 F.2d 917 (2d Cir. 1992)..................................................................................12

*Revson v. Cinque & Cinque, P.C.*,
    221 F.3d 71 (2d Cir. 2000)...............................................................................16, 17

*Roadway Express, Inc. v. Piper*,
    447 U.S. 752 (1980)............................................................................................10

*Salovaara v. Eckert*,
    222 F.3d 19 (2d Cir. 2000)...................................................................................18

*Schlaifer Nance & Co. v. Estate of Warhol*,
    194 F.3d 323 (2d Cir. 1999)...................................................................6, 10, 17, 18

*Schoenberg v. Shapolsky Publishers, Inc.*,
    971 F.2d 926 (2d Cir. 1992)............................................................................10, 17

*Shafii v. British Airways, PLC*,
    83 F.3d 566 (2d Cir. 1996)...................................................................................17

*Sinclair v. City of Rochester*,
    No. 07-CV-6277, 2007 WL 3047096 (W.D.N.Y. Oct. 18, 2007) ................................4, 16

*State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*,
    374 F.3d 158 (2d Cir. 2004)..................................................................................18

*Ted Lapidus, S.A. v. Vann*,
    112 F.3d 91 (2d Cir. 1997)...............................................................................10, 16

*Toledo Police Patrolmen's Ass'n v. City of Toledo*,
    167 F. Supp. 2d 975 (N.D. Ohio 2001).....................................................................4, 7

*United Nat'l Ins. Co. v. Waterfront N.Y. Realty Corp.*,
    907 F. Supp. 663 (S.D.N.Y. 1995)............................................................................12

## TABLE OF AUTHORITIES
### (continued)

**Page**

*United States v. Int'l Bhd. of Teamsters*,
  948 F.2d 1338 (2d Cir. 1991)......................................................................10, 17

*Watson v. Charleston Hous. Auth.*,
  83 F. Supp. 2d 709 (S.D. W. Va. 2000)...........................................................4

*Werner v. Katal Country Club*,
  234 A.D.2d 659, 650 N.Y.S.2d 866 (3d Dep't 1996).....................................8, 9

*Wisconsin v. Hotline Indus., Inc.*,
  236 F.3d 363 (7th Cir. 2000) .......................................................................7, 8

## STATUTES & RULES

28 U.S.C. § 1367(a) ........................................................................................9

28 U.S.C. § 1447(c) ..............................................2, 3, 4, 7, 8, 11, 12, 16

28 U.S.C. § 1927.................................................2, 4, 7, 8, 10, 16, 17, 18

Fed. R. Civ. P. 54............................................................................3, 4, 11

N.Y. Judiciary Law § 487 ............................................................................8, 9

## OTHER AUTHORITY

16 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE (3d ed. 2008).................................9

Defendants Midtown Development, L.P., Edward Imperatore, and Maurice Stone, and their attorneys—Fredrick Sherman and Todd Geremia of Jones Day, and Alfred Lerner and George Berger of Phillips Nizer LP—submit this memorandum of law in opposition to plaintiff Jericho Group, Ltd.'s motion to reopen this closed case and to impose a sanction on defendants and their counsel.

## INTRODUCTION

By this motion, Jericho's new counsel (its fifth in this case) is seeking to "reopen" this case after the Court had remanded it to the New York County Supreme Court and directed the Clerk of this Court to close it.  Jericho requests sanctions and what its new counsel calls "damages" in connection with a motion that Jericho made more than a year ago and that this Court decided three months ago, by order dated January 17, 2008.  Jericho's former counsel did not request sanctions in Jericho's remand motion or during the nearly one-year period while that motion was pending.  Nor did Jericho's former counsel utter a word about sanctions when, before the Court remanded this action, this Court held a teleconference to inform the parties that the Court was going to remand this action to New York Supreme Court.

But Jericho has now found a new counsel to make this motion as part of Jericho's continuing effort to harass Midtown and its more recent attempts to lash out at Midtown's counsel after the Appellate Division has, *for the second time*, dismissed Jericho's lawsuit against Midtown in New York Supreme Court.  According to Jericho, it should be awarded $50,000 in attorney's fees, even though *Midtown* is the party that has spent millions in fees to get Jericho's baseless lawsuit dismissed (twice) and to cancel the notices of pendency that have encumbered Midtown's valuable Manhattan properties for nearly three years.  Jericho's motion should be denied on several independent grounds.

Jericho's motion is, first of all, untimely, because an application for attorney's fees pursuant to 28 U.S.C. § 1447(c) must be made with fourteen days of a remand order, and Jericho made this motion eighty-one days after the Court remanded Jericho's action. Jericho is also trying to collect from defendants a windfall in what Jericho tells the Court are its "attorney's fees," but Jericho submits no proof that it has actually *paid* for its former counsel's services— services that were likely provided to Jericho on a contingent-fee basis—and the statutes under which Jericho seeks this sanction require proof of "actual expenses," 28 U.S.C. § 1447(c), and that Jericho has actually "incurred" the amounts it seeks to recover. 28 U.S.C. § 1927.

Beyond these threshold grounds, Jericho does not even attempt to show that defendants' arguments in opposition to Jericho's remand motion were "entirely meritless" and "objectively unreasonable," the standards applicable to Jericho's request for sanctions but that Jericho fails to mention anywhere in its brief. Nor could such findings be made here, let alone by the requisite "clear evidence" necessary to sustain a sanctions award. As shown by defendants' opposition to Jericho's remand motion and again in this memorandum, defendants had solid legal and factual support for arguing that this Court had diversity jurisdiction over Jericho's action. Indeed, Jericho did not even try to distinguish the legal authority that defendants cited on the critical issue. And, in this untimely sanctions motion, Jericho once again completely ignores defendants' authority and their arguments for opposing remand. In remanding this action, the Court of course disagreed with defendants, but the record here cannot support imposition of sanctions against defendants or their counsel under the exacting standards set by the Supreme Court and the Second Circuit because defendants had, at least, an objectively reasonable basis for opposing Jericho's remand motion.

For these and other reasons stated below, the Court should reaffirm that this case is closed and deny Jericho's untimely and improper sanctions motion.

## ARGUMENT

I.     **JERICHO'S REQUEST FOR SANCTIONS SHOULD BE DENIED ON A NUMBER OF THRESHOLD GROUNDS**

### A.     An Application For Attorney's Fees Under Section 1447(c) Must Be Made Within Fourteen Days of a Final Order Remanding an Action

Under 28 U.S.C. § 1447(c), a court may, in connection with a remand order and only under the standard recently established by the Supreme Court, "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[1]  In its motion, Jericho seeks approximately $50,000 in what it claims are its attorney's fees.  (Doc. No. 44 ¶ 37.) As a threshold matter, however, Jericho's motion is untimely and should be denied on this ground alone.

Jericho's brief does not address the timeliness of its application.  But, under Federal Rule of Civil Procedure 54(d)(2)(B)(i), a motion for attorney's fees and "related nontaxable expenses" must be made "no later than 14 days after entry of judgment."  Although the Second Circuit has not yet considered the issue, nearly every court that has—including two federal appellate courts—has held that a motion for fees pursuant to § 1447(c) must be made within fourteen days of the order remanding the case, because a remand order "has the same indicia of finality" as a judgment.[2]  *Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1259 (3d Cir. 1996); *see also Watson v.*

---

[1]  "[A] district court has jurisdiction to consider a motion for fees and costs under § 1447(c), even after it has remanded a case to state court."  *Bryant v. Britt*, 420 F.3d 161, 162 (2d Cir. 2005).

[2]  *See, e.g.*, *Stallworth v. Greater Cleveland Reg'l Transit Auth.*, 105 F.3d 252, 257 (6th Cir. 1997) ("[T]he proper timeliness requirement for a motion for attorney fees in connection with remand is found in Fed. R. Civ. P. 54(d)(2)(B) . . . .") (footnote omitted); *Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1259 (3d Cir. 1996) (same); *Danner v. Tower Acquisition, LLC*, No. 1:06-cv-2270, 2007 WL 1521201, at *1 n.1 (M.D. Pa. May 22, 2007) ("[I]n accord with Fed. R.

*Charleston Housing Auth.*, 83 F. Supp. 2d 709, 710 n.1 (S.D. W. Va. 2000) ("Although there was no judgment in this case, the Court considers the Remand Order to be equivalent to a judgment for the purpose of Rule 54(d)(2)(B)."). Here, the Court remanded Jericho's action to state court on January 17, 2008 (Doc. No. 41), but Jericho did not make this motion for attorney's fees until eighty-one days later, on April 7, 2008 (Doc. No. 43). That was well past the fourteen-day deadline for seeking sanctions in connection with a remand order. On this ground alone, Jericho's request for attorney's fees pursuant to § 1447(c) must be denied.[3]

> **B.    By Waiting More Than a Year to Make This Baseless Application, Jericho Is the Party That Is Unduly Delaying This Case and Multiplying Proceedings**

Even apart from Jericho's failure to meet the Rule-based deadline for filing its request for attorney's fees pursuant to § 1447(c), the Court should exercise its discretion to deny Jericho's application in its entirety due to Jericho's inexplicable delay. Jericho's former counsel should

---

(continued...)

Civ. P. 54(d)(2)(B), Plaintiffs can seek their attorney's fees not later than fourteen days after the remand.") (internal quotation marks omitted); *Great American Leasing Corp. v. Rohr-Tippe Motors, Inc.*, 387 F. Supp. 2d 992, 999 (N.D. Iowa 2005) (party securing remand "shall have no more than fourteen days to file its application" for attorney's fees); *Husko v. Geary Elec., Inc.*, 316 F. Supp. 2d 664, 668-69 (N.D. Ill. 2004) (stating that application for attorney's fees in connection with remand motion must be made within fourteen days of entry of the remand order, unless a local rule of the court provides for more time); *Watson v. Charleston Hous. Auth.*, 83 F. Supp. 2d 709, 710 (S.D. W. Va. 2000); *Toledo Police Patrolmen's Ass'n v. City of Toledo*, 167 F. Supp. 2d 975, 977 (N.D. Ohio 2001) (applying fourteen-day rule and noting that it is "particularly appropriate" in the remand context, because "[a]llowing a state court litigant to return to federal court whenever he may feel like doing so for the sole purpose of raising a fee claim multiplies litigation"); *but see Sinclair v. City of Rochester*, No. 07-CV-6277, 2007 WL 3047096, at *3 (W.D.N.Y. Oct. 18, 2007) (rejecting the majority position on this issue without citing or discussing any of the above-listed authority).

[3]    Jericho makes a perfunctory request for attorney's fees under 28 U.S.C. § 1927, although Jericho does not discuss the standard for imposing sanctions under this provision or even try to show that it has satisfied this standard. (Doc. No. 45 at 3.) The fourteen-day deadline in Rule 54(d)(2)(B) does not apply to a request for sanctions under § 1927, *see* Fed. R. Civ. P. 54(d)(2)(E), but for the reasons stated *infra* in Parts I.B, I.C., and III.B, Jericho's request pursuant to § 1927 should also be denied.

have made this motion long ago if Jericho really believed there was a ground for seeking sanctions here, and Jericho is only burdening the Court and protracting this case further by making this motion now, months after the case has been closed and remanded to State Court.

Jericho's motion for a remand was fully briefed by April 2007. (Doc. Nos. 6, 11, 35.) Jericho did not, however, request any sanctions in either its opening or its reply brief. (Doc. Nos. 6, 35.) Nor did Jericho utter a word about sanctions at any time *for more than eight months* while its remand motion was pending before this Court decided it in January 2008. Further, when the Court stated during a telephone conference that it was going to remand this action to New York Supreme Court, Jericho's former counsel did not express any intent to seek sanctions in this case. (Nor has Jericho's former counsel ever indicated to defendants' counsel that they would seek sanctions.) Then, after this Court remanded this action on January 17, 2008, and directed the Clerk to "send the file back across the street, and to close this case" (Doc. No. 41), Jericho continued to wait for *nearly three more months* before it found a new lawyer whose first action as Jericho's counsel was to file a motion in this Court seeking sanctions against defendants and their counsel.[4]

---

[4]  This is part of a pattern of Jericho retaining new counsel to second-guess its other counsel or try to re-litigate issues. After the Appellate Division dismissed Jericho's complaint for the first time, Jericho engaged new counsel to make a reargument motion in the Appellate Division based on new theories of fraud and breach of contract and purportedly "newly discovered evidence." Soon after that motion was fully briefed, Jericho fired the counsel who made it and brought on a third one, who promptly withdrew Jericho's reargument motion and proceeded to file a motion to vacate the judgment in New York Supreme Court. After the Appellate Division reversed Justice Ramos's vacatur order and dismissed Jericho's lawsuit for a second time, Jericho found yet another new counsel who is now seeking to "amend" Jericho's complaint in the action that this Court remanded—to once again reassert causes of action after the Appellate Division has ordered a final judgment on Jericho's claims. Now, Mr. Rimberg, the fifth counsel Jericho has used in this dispute, has filed a "notice of appearance" in this Court and this motion to "reopen" a closed case and for sanctions that Jericho's former counsel decided not to seek (or at least failed to seek in a timely manner).

Jericho has enlisted this new counsel to make an untimely request for sanctions as part of a renewed effort by Jericho to continue to harass Midtown and its attorneys after Jericho has lost its case. Indeed, while Jericho complains about $50,000 in attorney's fees without any proof that Jericho has actually incurred this expense, it is *Midtown* that has been abused by Jericho here. As the Appellate Division has made crystal clear in its two dismissal orders, Jericho's case has no merit as a matter of both law and fact and should never have proceeded beyond the pleading stage.[5] Nevertheless, Midtown has had to defend against Jericho's strike suits for more than three years and has incurred millions of dollars in fees in doing so. *See generally Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 341 (2d Cir. 1999) (conduct of the party seeking sanctions should be considered in determining whether to award sanctions; "a court considering sanctions can and should consider the equities involved before rendering a decision"). It is not over yet, either. Notwithstanding the Appellate Division's second order of dismissal and entry of a final judgment in Midtown's favor, Jericho is refusing to dismiss its second lawsuit—which makes the same claims based on the same transaction as was at issue in the dismissed action—or cancel the notices of pendency that Jericho has filed against Midtown's properties. *See* Geremia Decl. ¶ 3 n.1.

Apart from the complete lack of merit in Jericho's request for sanctions, the Court should deny Jericho's motion on the ground that, by the very making of this separate motion long after the Court has closed this case and the Appellate Division has issued its second order of dismissal, it is Jericho—not defendants—who has "dragged this action out and multiplied the

---

[5] Jericho submits the New York Supreme Court's order vacating the judgment, but *omits* the key orders in this case: the Appellate Division's decision reversing that vacatur order, the final judgment entered pursuant to the Appellate Division's order, and also the Appellate Division's earlier decision dismissing Jericho's complaint on Midtown's motion to dismiss. The Appellate Division's two dismissal orders and the final judgment are attached as Exhibit A to the accompanying Declaration of Todd R. Geremia ("Geremia Decl.").

proceedings" (Jericho Br., Doc. No. 45, at 4). *See Toledo Police Patrolmen's Ass'n*, 167 F.

Supp. 2d at 977 (denying post-remand motion for sanctions; "[a]llowing a state court litigant to

return to federal court whenever he may feel like doing so for the sole purpose of raising a fee

claim multiplies litigation and serves, at best, as a distraction with regard to the state court

proceedings, which otherwise normally will be devoted to more substantive and important

issues").

### C.    Jericho Has Not Shown It Has Incurred the Fees It Seeks to Recover

Jericho has also not submitted any proof that it has actually incurred the attorney's fees it

is seeking on this untimely motion.

Under § 1447(c), a party cannot seek reimbursement for attorney's fees that it did not

pay. That provision authorizes an order requiring payment of "any *actual expenses*, including

attorney fees, *incurred* as a result of the removal," 28 U.S.C. § 1447(c) (emphasis added), but it

does not allow for an award of attorney's fees that a party has *not* actually incurred. *See

Wisconsin v. Hotline Indus., Inc.*, 236 F.3d 363, 367-68 (7th Cir. 2000) (vacating sanctions

award due to lack of any evidence of "actual amount of fees incurred"; "§ 1447(c) expressly

limits fee awards to actual outlays—specifically, to 'any *actual* expenses, including attorney

fees, *incurred*'") (emphasis in original). Section 1927 similarly limits a sanctions award to only

those "attorneys' fees reasonably *incurred*." 28 U.S.C. § 1927 (emphasis added); *see also

Hotline*, 236 F.3d at 367 (Congress's use of word "incurred" in fee-shifting statutes "explicitly

limit[s] recoveries to actual outlays").

Jericho attaches as an exhibit a document that it says shows it "spen[t] close to $50,000"

in connection with its remand motion. (Doc. No. 44 ¶ 37; Doc. No. 44-18.) That document

shows no such thing. *It is not a bill to Jericho*, but a table of time entries and hourly rates for

Jericho's former counsel that was apparently generated on "3/21/08" to reflect services provided

over a thirteen-month period, "from 1/1/2007 to 1/31/2008." (Doc. No. 44-18 at 1.) This spurious document was obviously generated only for this motion and does not show any "actual expenses" by Jericho or even amounts billed to it. Jericho has also not submitted any evidence, such as a cancelled check, that it has actually paid for the services described in this document, services which likely had been provided to Jericho on a contingent-fee basis. Jericho's new counsel also did not provide any of the services described in this document and thus cannot seek reimbursement for them, even assuming that the Court may award attorney's fees pursuant to § 1447(c) and § 1927 for unpaid services provided by Jericho's former counsel on a contingent-fee basis.

In the absence of any proof that Jericho has actually *incurred* any of the "attorney's fees" for which it seeks reimbursement, the Court should deny Jericho's application on this independent ground. *See Hotline*, 236 F.3d at 368.

## II.    THIS COURT LACKS JURISDICTION OVER JERICHO'S REQUEST FOR TREBLE "DAMAGES" AGAINST DEFENDANTS' COUNSEL

Jericho curiously argues that the Court should impose treble "damages" against defendants' counsel under New York Judiciary Law § 487. (Doc. No. 45 at 4.) The Court lacks jurisdiction over this claim. Section 487 is not a provision for seeking sanctions, but gives rise to a separate cause of action. *See, e.g.*, *Werner v. Katal Country Club*, 234 A.D.2d 659, 662, 650 N.Y.S.2d 866, 868 (3d Dep't 1996) (dismissing a "cause of action . . . predicated upon Judiciary Law § 487"). Indeed, in Jericho's zeal to sue Midtown's lawyers after Jericho has lost its case, Jericho is now seeking to "amend" its complaint *in the very case that this Court remanded* to the New York Supreme Court to assert a separate cause of action against Midtown's transaction counsel pursuant to § 487 of the Judiciary Law. *See* Geremia Decl. ¶ 3 n.1. In remanding Jericho's action, however, the Court has already ruled that it *lacks* jurisdiction over this case.

(Doc. No. 41.)  In the absence of any original jurisdiction over Jericho's claims, it is impossible

for the Court to assert "supplemental jurisdiction" over Jericho's purported state law claim for

treble "damages" under the Judiciary Law, as Jericho contends the Court should (Doc. No. 45 at

1 n.1).[6]

In any event, the Court does not have the authority to award damages, let alone treble

damages, as a sanction.  *See Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S.

533, 553 (1991) (sanctions may not be imposed as "substitutes for tort damages"); *Creek*

*Ventures, LLC v. World Parts, LLC*, Nos. 01-CV-89C, 01-CV-90C, 2004 WL 1166642, at *5

(W.D.N.Y. April 14, 2004) ("[A] litigant cannot, in the guise of a sanctions motion, recover

consequential damages.").  Further still, Jericho does not have any compensable damages here.

Now that the Appellate Division has dismissed Jericho's complaint for the second time, this

lawsuit, which was filed at the New York Supreme Court's invitation when it granted Jericho's

motion to vacate the judgment that has now been reinstated, will soon be dismissed and the

notices of pendency that Jericho has filed against Midtown's properties will be cancelled.

Jericho is, in short, no longer entitled to assert any further claims against or interest in Midtown's

property, so any purported "delay" in Jericho's second lawsuit cannot give rise to a separate

claim for damages under § 487 of the Judiciary Law.  *See, e.g.*, *Werner*, 234 A.D.3d at 663, 650

N.Y.S.2d at 869 (holding that the lower court "should have dismissed this cause of action" due to

---

[6]  *See* 28 U.S.C. § 1367(a) (supplemental jurisdiction applies only where "district courts
have original jurisdiction"); *see also Exxon Mobil Corp. v. Allapattha Servs., Inc.*, 545 U.S. 546,
558 (2005) ("Section 1367(a) is a broad grant of supplemental jurisdiction over other claims
within the same case or controversy, *as long as the action is one in which the district courts
would have original jurisdiction*.") (emphasis added); 16 JAMES WM. MOORE ET AL., MOORE'S
FEDERAL PRACTICE § 106.03[1], at 106-11 (3d ed. 2008) ("Without a claim over which the court
has original jurisdiction, there is nothing for the claim in question to be supplemental to.").

plaintiff's failure to establish any damages caused by the conduct allegedly violating § 487 of the Judiciary Law).

## III.    JERICHO DOES NOT EVEN TRY TO SATISFY THE RIGOROUS STANDARDS FOR IMPOSING SANCTIONS ON DEFENDANTS AND THEIR COUNSEL

For all of the reasons stated above, the Court should deny Jericho's request for attorney's fees without having to consider the "merits" of this application.  In any event, there is no basis for imposing sanctions against defendants or their counsel here.

As the Court is well aware, attorney's fees may not be imposed as a sanction on the sort of threadbare showing that Jericho purports to make.  "'Like other sanctions, attorney's fees certainly should not be assessed lightly or without fair notice and an opportunity for a hearing on the record.'"  *Schoenberg v. Shapolsky Publishers, Inc.*, 971 F.2d 926, 936 (2d Cir. 1992) (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980)); *see also Ted Lapidus, S.A. v. Vann*, 112 F.3d 91, 96 (2d Cir. 1997) ("[D]ue process requires that courts provide notice and opportunity to be heard before imposing *any* kind of sanctions.") (emphasis in original; internal quotation marks omitted).  Indeed, not only must defendants and their counsel be afforded a hearing on the record before sanctions may be imposed against them, but a sanctions award requires specific findings of fact and conclusions of law and careful attention to the sources of authority under which sanctions are to be imposed.  *See Lapidus*, 112 F.3d at 97 ("[S]eparate consideration of the available sanctions machinery is not only warranted, but necessary for meaningful review [on appeal].") (internal quotation marks omitted); *see also United States v. Int'l Bhd. of Teamsters*, 948 F.2d 1338, 1346 (2d Cir. 1991) (to impose sanctions under 28 U.S.C. § 1927, "findings must appear with reasonable specificity in terms of the perceived misconduct and the sanctioning authority"); *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 338 (2d Cir. 1999) ("[T]he court's factual findings of bad faith [one of two sets of findings

that must be made to impose sanctions under 28 U.S.C. § 1927] must be characterized by *a high degree of specificity*.") (emphasis added; internal quotation marks omitted); Fed. R. Civ. P. 54(d)(2)(C) (court must "find the facts and state its conclusions of law" in awarding attorney's fees).

Jericho has not, and cannot, show that sanctions are warranted and could be sustained under the rigorous standards that apply to the request it makes.

### A.    There Was, At Least, An Objectively Reasonable Basis For Removing This Action, and Sanctions Therefore May Not Be Imposed Under Section 1447(c)

As the Supreme Court has held, "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* Jericho ignores this standard and cannot satisfy it.

There was an objectively reasonable basis for asserting that this Court had diversity jurisdiction over Jericho's action and should therefore deny Jericho's motion for a remand. In its remand order, the Court ruled that "there is not complete diversity between the parties to this lawsuit, in that one Tanya Wexler, who is domiciled in New York, has become (by right of succession through the Tanya Wexler Trust Number 18) a limited partner in WR West Side Associates," which has a partnership interest in Midtown's general partner, and because "[t]he plaintiff is also a citizen of New York." (Doc. No. 41.) As shown in defendants' opposition brief (Doc. No. 11 at 10-12), there was an objectively reasonable argument—supported by the WR West Side Associates partnership agreement, the rules governing limited partnerships organized under Illinois law, and *a decision from this Court*—that, for purposes of determining whether there was complete diversity here, Ms. Wexler should not be deemed a limited partner

in WR West Side Associates, and therefore her citizenship should not be considered in determining the citizenship of defendant Midtown Development, L.P., because the WR West Side partnership agreement had not been amended to formally make Ms. Wexler a substitute limited partner. *See United Nat'l Ins. Co. v. Waterfront N.Y. Realty Corp.*, 907 F. Supp. 663, 669-71 (S.D.N.Y. 1995) (even though deceased partner's estate "possesses all the rights and liabilities of a limited partner," "estate was not a substituted limited partner in Waterfront as the requirements of Paragraph 7.4(b) of the Agreement [among others, that '[t]he admission of [a] transferee as a substituted Limited Partner shall be effected by an amendment'] were not met"; "[b]ecause the estate was not a limited partner at the time the Recovery action was filed, the citizenship of the estate need not be considered for diversity purposes"); *see also Carden v. Arkoma Assocs.*, 494 U.S. 185, 193-95 (1990) (rejecting an approach to determining the citizenship of a partnership by inquiring into who the "real part[ies] to the controversy" are).

While this Court implicitly rejected defendants' argument in its remand order, defendants' argument was objectively reasonable and had solid support in the record and the law. Indeed, in its reply brief Jericho did not even take issue with or try to distinguish the legal authority that supported defendants' argument, but instead requested that the Court allow Jericho to take jurisdictional discovery because, according to Jericho, "[t]here is, at least, ambiguity on this issue." (Doc. No. 34 at 11.) A sanctions award cannot be justified in these circumstances under the standard set forth in the Supreme Court's *Martin* decision. Contrary to Jericho's terse statement in its brief on this motion, the standard for imposing sanctions under § 1447(c) is not a subjective one of whether a removing party acted "in bad faith" (Doc. No. 45 at 1), but whether there was an "*objectively reasonable*" basis for removal. *See, e.g.*, *Morgan Guar. Trust Co. v. Republic of Palau*, 971 F.2d 917, 923 (2d Cir. 1992) ("[A]wards of costs and attorneys fees are

12

not to be predicated under the new section 1447(c) on bad faith removal."). Because there was

such an objectively reasonable basis here, sanctions may not be imposed under § 1447(c).[7]

Defendants did not, in any event, act in bad faith. Jericho's motion focuses on

defendants' original notice of removal—contending that it "misled this Court as to the extent of

Midtown Development, L.P.'s partners" (Doc. No. 45 at 1)—and largely ignores defendants'

proposed amended notice of removal. By the time Jericho's motion to remand had been

submitted to the Court for decision, however, all of the facts necessary to determine the

citizenship of Midtown's constituent partners were before the Court.[8] *See* Geremia Decl. ¶¶ 10-

12. While the Court disagreed with defendants that Midtown was diverse from plaintiff on the

basis of these fully disclosed facts, the Court was not "misled" in any way in connection with

---

[7] *See, e.g.*, *Lower Manhattan Dialysis Ctr., Inc. v. Lantz*, No. 07 Civ. 6903, 2007 WL 2789266, at *2, *4 (S.D.N.Y. Sept. 25, 2007) (denying sanctions in connection with remand order, even though court had rejected defendant's argument that citizenship of non-diverse member of an LLC should not be considered in determining LLC's citizenship because the individual's interest in the LLC had been assigned to him and, defendant argued, he was thus not formally a member of the LLC; "[w]hile defendants' arguments against remand fail . . ., it cannot be said that they lacked an objectively reasonable basis"); *Ind. Elec. Workers Pension Trust Fund v. Millard*, No. 07 Civ. 172, 2007 WL 2141697, at *9 (S.D.N.Y. July 25, 2007) (remanding case but denying sanctions where defendants made "'objectively reasonable' legal arguments" for opposing remand); *Johnson-Kamara v. W. Chacon Trucking*, No. 05 Civ. 9900, 2006 WL 336041, at *3 (S.D.N.Y. Feb. 9, 2006) (remanding action due to defendant's failure to prove that action satisfied the amount-in-controversy requirement, but denying sanctions because there was an "objectively reasonable basis" for asserting that court had diversity jurisdiction); *Houston v. Scheno*, No. 06-CV-2901, 2007 WL 2230093, at *4 (E.D.N.Y. July 31, 2007) (denying request for sanctions in connection with remand order even though defendant had erroneously stated in the notice of removal that the amount in controversy exceeded the jurisdictional amount).

[8] In *Martin*, the Supreme Court noted that "failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees," but only if a court explains its reasons for departing from the generally applicable "objectively reasonable basis" test. 546 U.S. at 141. Contrary to the impression that Jericho tries to create in its sanctions motion, defendants' opposition to Jericho's remand motion fully disclosed all of the facts necessary to determine whether the Court had jurisdiction over this action. *See* Geremia Decl. ¶¶ 10-11 and docket entries cited therein.) Although the Court disagreed with defendants, defendants did not "fail[] to disclose facts necessary to determine jurisdiction" here. *Martin*, 546 U.S. at 141.

that ruling. Indeed, not only does Jericho's sanction motion ignore defendants' argument for why the parties should be deemed of diverse citizenship, but in focusing on Midtown's original notice of removal, Jericho also ignores that Midtown made a good-faith argument, which was well-supported by case law in the Second Circuit and this Court, for requesting leave to amend its notice of removal.[9] (Doc. No. 11 at 13-15.) While the Court did not expressly rule on Midtown's request in its remand order, the Court addressed the citizenship of Midtown and its constituent partners as these facts were alleged in defendants' proposed amended notice of removal and shown in defendants' comprehensive evidentiary submission to the Court, not as alleged in the original notice. (Doc. No. 41.)

Jericho's further accusation that defendants' counsel "knew that there were over thirty (30) partners to Midtown Development, L.P. and failed to disclose them" (Doc. No. 44 ¶ 24), which is made by an individual who has never even met or corresponded with defendants' counsel and has had no visible role in this litigation (Geremia Decl. ¶ 2), is simply not true. As stated in more detail in the accompanying Declaration of Todd R. Geremia, when defendants' counsel prepared the notice of removal the only partnership documents they had showed that two individuals were Midtown's only general partners and that it had one limited partner. *See* Geremia Decl. ¶¶ 5, 8. Defendants' counsel did not have, and was not aware of, the second amendment to Midtown's partnership agreement that Jericho's former counsel had apparently

---

[9]   *See generally Cox v. Livingston*, 407 F.2d 392, 393 (2d Cir. 1969) (provision permitting amendment of jurisdictional allegations is "to be construed liberally to permit the action to be maintained if it is at all possible to determine from the record that jurisdiction does in fact exist") (internal quotation marks omitted); *Grow Group, Inc. v. Jandernoa*, No. 94 Civ. 5679, 1995 WL 60025, at *3 (S.D.N.Y. Feb. 10, 1995) ("Amendment of a notice of removal should be subject to the same liberal rules employed in testing the sufficiency of other pleadings."); *CBS Inc. v. Snyder*, 762 F. Supp. 71, 73 (S.D.N.Y. 1991) (party may amend notice of removal under this provision to "set forth more specifically grounds for removal which were imperfectly stated in the original petition").

obtained from the New York County Clerk.  *See id.*  The second amendment to the partnership agreement that Jericho included with its remand motion was not in Midtown's possession, was not among the documents that Midtown had sent to its counsel, had not been produced to Midtown by Jericho after Jericho had obtained it from the New York County Clerk, and was not known to defendants' counsel when they prepared the notice of removal.  *See id.* ¶¶ 5, 7-8.  As this second amendment and further investigation by defendants' counsel showed, Midtown currently has only one general partner, Jerrart Venture, which in turn is comprised of constituent partnerships in which the two individuals who had formerly been Midtown's general partners have an ownership interest along with several other individuals and entities.  (Doc. No. 11 at 6-13.)  But defendants' counsel did not know this when they prepared the original notice of removal, did not make any knowingly false statements in that document, and promptly sought to correct the notice of removal upon becoming aware of the second amendment to the Midtown partnership agreement.  *See* Geremia Decl. ¶¶ 3-6, 8.

Only after first determining that Midtown had a reasonable basis for proving complete diversity and remaining in federal court, defendants' counsel submitted an opposition to Jericho's motion and, as part of that opposition, made a full disclosure of what counsel had learned in light of the second amendment to the partnership agreement, a comprehensive evidentiary showing of the citizenship of all of the individuals who have a partnership interest in Midtown, and a legal argument for why the parties should be deemed completely diverse.  *See* Geremia Decl. ¶¶ 9-12.  The sequence of events here does not show that counsel made any knowingly false statements to the Court.  Nor, under the *objective* standard established by *Martin*, does it support the imposition of sanctions under § 1447(c) because, as set forth above and as shown in defendants' opposition to the remand motion, defendants had an objectively

15

reasonable basis for asserting that this Court had diversity jurisdiction over Jericho's action. *See, e.g.*, *Sinclair*, 2007 WL 3047096, at \*3 (court may not impose sanctions pursuant to § 1447(c) where "there was an 'objectively reasonable' basis for this Court to exercise subject matter jurisdiction").

### B. Defendants' Arguments In Opposing A Remand Were Not "Entirely Meritless," As They Must Be To Warrant Sanctions Under Section 1927

In its brief, Jericho makes a one-paragraph request for sanctions against defendants' counsel under 28 U.S.C. § 1927. (Doc. No. 45 at 3.) Under Section 1927,

> [a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiples the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. As an initial matter, in light of the Supreme Court's decision in *Martin* it is doubtful that Jericho may invoke § 1927 as an alternative to § 1447(c) for seeking attorney's fees in connection with a remand order. *See Martin*, 546 U.S. at 134 (noting that the Court had "grant[ed] certiorari to determine the proper standard for awarding attorney's fees when remanding a case to state court" and then proceeding to establish the "objectively reasonable basis" standard under § 1447(c)). In any event, the Second Circuit has a well-developed body of case law on § 1927—none of which Jericho cites—and has held that to impose sanctions under § 1927 a court must "'find *clear evidence* that (1) the offending party's claims were entirely meritless *and* (2) the party acted for improper purposes.'" *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 79 (2d Cir. 2000) (emphasis added; reversing sanctions award and quoting *Agee v. Paramount Commc'ns Inc.*, 114 F.3d 395, 398 (2d Cir. 1997)); *see also Lapidus*, 112 F.3d at 96 ("Rule 11 requires only a showing of *objective unreasonableness* . . ., but § 1927 requires more: *subjective bad faith* by counsel.") (emphasis in original); *MacDraw, Inc. v. CIT Group Equip.*

*Fin., Inc.*, 73 F.3d 1253, 1261 (2d Cir. 1996) (vacating sanctions; award of attorney's fees under § 1927 requires a showing that counsel's position was "completely without merit" and "must be accompanied by a finding of bad faith"); *Schoenberg*, 971 F.2d at 935 (vacating sanctions order; for conduct to be sanctionable under § 1927 it must be "utterly without justification").

Jericho cannot make either of these showings. First, defendants' counsel's argument in opposition to Jericho's remand motion was not "entirely meritless." As shown above, defendants' argument for why Ms. Wexler's citizenship should not be taken into account in determining Midtown's citizenship for purposes of diversity jurisdiction had support in the partnership agreement for WR West Side Associates, the rules governing Illinois limited partnerships, and a decision from this Court. That this Court disagreed with defendants does not suffice to show that their argument was "entirely meritless." Nor can such a showing be made here because defendants had, at least, a colorable ground for opposing Jericho's remand motion.[10] For this reason alone, sanctions are not available to Jericho under § 1927.

Sanctions are also not available to Jericho under this provision because it cannot make the requisite showing of a "clear demonstration of bad faith." *Int'l Bhd. of Teamsters*, 948 F.2d at 1347 (vacating sanctions award under § 1927). As set forth above, defendants' counsel proceeded with their opposition to Jericho's remand motion only after ascertaining that there was a sound basis for asserting that the Court had diversity jurisdiction over this action. Counsel also

---

[10]    *See generally Shlaifer Nance & Co.*, 194 F.3d at 337 (reversing sanctions award under § 1927 on multiple grounds, including that non-movant's position had at least colorable support; "a claim that fails as a matter of law is not necessarily lacking *any* basis at all" and "a claim lacks a colorable basis when it is utterly devo*id* of a legal or factual basis") (emphasis in original); *Shafii v. British Airways, PLC*, 83 F.3d 566, 570 (2d Cir. 1996) (denying sanctions pursuant to, *inter alia*, § 1927; "[a]lthough British Airways' removal of the case . . . and its opposition to a remand were ultimately unsuccessful, they were not frivolous and therefore not sanctionable"); *Revson*, 221 F.3d at 79 (reversing sanctions award and ruling, *inter alia*, that sanctioned party's position was not "entirely without color," in light of Second Circuit's disagreement with district court on underlying legal principles at issue in the case).

made a good-faith argument, based on well-established law, that the Court should permit

defendants to amend their notice of removal (Geremia Decl. ¶¶ 10-12); and in its remand order

the Court addressed whether the facts as alleged in the proposed amended notice of removal

sufficed to establish diversity jurisdiction.  (Doc. No. 41.)  Moreover, contrary to the unfounded

accusations of Jericho's new counsel and an apparent relative of Jericho's principal—both of

whom lack any personal knowledge of the statements they make—defendants' counsel did not

make any intentional misstatements in the original notice of removal.  *See* Geremia Decl. ¶¶ 3-8.

The record here thus cannot support the requisite "clear demonstration" that defendants' counsel

acted with any "improper purposes" in opposing Jericho's remand motion and removing this

action.  *See Int'l Bhd. of Teamsters*, 948 F.2d at 1347; *Revson*, 221 F.3d at 79.  On this separate

ground, sanctions may not be imposed under § 1927.[11]

---

[11] *See Schlaifer Nance & Co.*, 194 F.3d at 339-41 (reversing sanctions order and rejecting seven separate "factors" that purportedly showed counsel's bad faith, including lack of any evidence showing that counsel had made "intentional lies" and "had utterly no basis for their subjective belief in the merits of their case"); *State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 180 (2d Cir. 2004) (holding that "sanctions [are] not justified under 28 U.S.C. § 1927" because, although "approach[ing] the borders of this standard" for imposing sanctions under § 1927, "we are ultimately unpersuaded that [counsel] articulated various arguments . . . in bad faith"); *Salovaara v. Eckert*, 222 F.3d 19, 35-36 (2d Cir. 2000) (reversing sanctions pursuant to § 1927 where "District Court's finding of bad faith is unsustainable" because counsel had reasonable bases for asserting arguments in opposition to a summary judgment motion).

**CONCLUSION**

The Court should therefore deny Jericho's motion to reopen this case and for sanctions.

Dated: New York, New York
        April 22, 2008

                                        Respectfully submitted,

                                        JONES DAY
                                        222 East 41st Street
                                        New York, New York  10017
                                        Telephone:  (212) 326-3939

                                        By:    / s / Todd R. Geremia
                                            Fredrick E. Sherman (FS 5442)
                                            Todd R. Geremia (TG 4454)

                                                —and—

                                        PHILLIPS NIZER LLP
                                        Alfred D. Lerner (AL 5927)
                                        George Berger (GB 8924)
                                        666 Fifth Avenue
                                        New York, New York  10103-0084
                                        Telephone:  (212) 977-9700

                                        Attorneys for Defendants,
                                        Midtown Development, L.P., Edward
                                        Imperatore, and Maurice Stone

**CERTIFICATE OF SERVICE**

On April 22, 2008, the foregoing DEFENDANTS' MEMORANDUM OF LAW IN

OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS was served on the office of the

following counsel for plaintiff by hand:

>Robert L. Rimberg
>GOLDBERG & RIMBERG, PLLC
>115 Broadway, 3rd Floor
>New York, New York  10006
>
>*Attorneys for Plaintiff,*
>*Jericho Group, Ltd.*

Dated: New York, New York
      April 22, 2008

                                        _____/ s / Todd R. Geremia_____
                                              Todd R. Geremia