Robert L. Rimberg (RLR2453)
Joel S. Schneck (JSS7019)
GOLDBERG RIMBERG & FRIEDLANDER, PLLC
Attorneys for Plaintiff
115 Broadway, 3rd Floor
New York, New York 10006
(212) 697-3250

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

JERICHO GROUP, LTD.

                Plaintiff,              No. 07-CV-1792 (RCC) (DCF)

    -AGAINST-

MIDTOWN DEVELOPMENT, L.P., EDWARD
IMPERATORE and MAURICE STONE.

                Defendants.

----------------------------------X
```

## MEMORANDUM OF LAW IN REPLY

### PRELMINARY STATEMENT

This instant motion is before this Court pursuant to Title 28 U.S.C. §1447(c), 28 U.S.C. § 1927 and New York State Judiciary law §487 is due to the improper conduct and fraudulent filing of a Notice of Removal by Defendants.

Defendants persist in their obstructive behavior as more fully detailed in the Declaration of Robert L. Rimberg in Reply to Defendants opposition to the instant motion before this Court.

**POINT I. This Circuit has no 14 day time limit**

Defendants argue that this Court should deny Jericho's application as being untimely as it was not made within 14 days after entry of Judgment and relies on F.R.C.P. 54(d)(2)(B). As correctly pointed out by Defendants, this Circuit has not yet considered this issue. Moreover the same section allows the Court leeway if it so decides to consider the issue after the 14 day time period has expired. In fact Defendant's acknowledge such discretionary right by the Court when it says on page 4 of its memorandum of law that "the Court should exercise its discretion to deny Jericho's application in its entirety due to Jericho's inexplicable delay." In <u>Toledo Police Patrolmen's Ass'n v. City of Toledo</u>, 167 F. Supp 2d 975 (N.D. Ohio 2001) cited by Defendants, the Court, while mentioning the *so called* 14 day rule alludes that it is still within the Courts discretion to award fees and the only reason it did not do so was that the defendant in the *Toledo* case had "colorable basis for perceiving a federal claim in plaintiff's compliant though I grant the coloration was rather faint." In the instant action Defendants and their counsel had no colorable basis to remove this action. in fact it is clear that Defendants and their counsel intentionally concealed facts from this Court. There is no excuse for Defendants behavior. If not for the fact that Plaintiff took the time to review the documents produced, read the depositions and looked at the filings with the clerk's office Defendants might have gotten away with its charade.

F.R.C.P. 54(d)(2)(D) provides that any time limitations under this rule does not apply to claims for fees and expenses as sanctions for violations of these rules or under 28 U.S.C. § 1927.

Defendants' argument that Jericho had not actually incurred the legal fees is a desperate attempt to avoid the assessment. The Declaration of Mr. Rubin clearly demonstrates that the fees were incurred, the matter was not handled on a contingency basis and in fact, a portion of the legal fees have already been paid. Defendant's argument that <u>Wisconsin v. Hotline Industries, Inc.</u> 236 F. 3rd 363 (7th Circuit 2000) stands for the proposition that an award for attorneys fees is limited to "actual cash outlays" is incorrect. The Court ruled as follows:

> "We vacate the judgment as to the amount of attorney's fees awarded to the state and remand so that the district court may determine the actual amount of fees incurred."

Plaintiff incurred $48,703.50 in legal fees from Herzfeld & Rubin P.C. as detailed in the affirmation of Herbert Rubin.

**POINT II. This Court has the the ability to award treble damages**

The request for Treble damages under the New York Judiciary law stems from the intentional acts of Defendants' counsels in their filings of the of the removal pleadings with this Court. The attorneys, by filing the Notice of Removal gave this Court jurisdiction over this matter in all respects. There is no dispute

that this Court retains jurisdiction for a determination under 28 U.S.C. §1447 even after rand. A claim under the Judiciary Law is a related claim and it is within this Court's discretion whether to exercise its discretion and make a determination under the New York Judiciary Law. Considering that the acts perpetrated were clearly intentional, this Court is the ideal forum to hear whether there has been a violation of the New York Judiciary law § 487.

**POINT III. There was no basis to Remove**

It is comical that Defendants argue that there was a good faith basis to remove this action from State Court. Their original Notice of Removal and the Amended Notice of Removal both failed to include any of the relevant facts as to the domicile of the parties. But for the simple retrieval of documents by plaintiff, i.e. check the clerk's records, read a few depositions, review discovery this Court would not have been provided with all the facts.

If all the facts were included in the removal filings by Defendants there is an argument that they were acting in good faith as they based their motion on all the facts. However, all the facts were not included in the removal filings and when disclosed by Plaintiff, Defendants and their counsel was faced with the fact that they had to COME UP with something to justify what they had done. Only once Defendant's were caught in their concealment of the facts did they attempt a weak and pathetic argument that the Court should ignore the domicile of Tanya Wexler. Defendant arguing that there is an "*objectionably Reasonable*" basis for removal on page 12 of its

memorandum is laughable. There was no good faith by Defendants in filing the removal pleadings with this Court, it was a shot in the dark and they were caught with their pants down. The Court saw right through the charade and rebuked the law firms for the same. *See* Affirmation of Charles A. Crum, Exhibit "J" to the instant Motion.

**WHEREFORE**, as a result of the forgoing, this Court must grant the instant motion pursuant to Title 28 U.S.C. §1447(c), 28 U.S.C. § 1927 and New York State Judiciary law §487 due to the improper conduct and fraudulent filing of a Notice of Removal by Defendants.

                                                GOLDBERG & RIMBERG
                                                Counselors at Law PLLC

                                                By: _____
                                                Robert L. Rimberg (RLR-2453)
                                                Attorneys for Plaintiff
                                                JERICHO GROUP, LTD.
                                                115 Broadway, 3rd Floor
                                                New York, New York 10006
                                                (212) 697-3250